I see both counsel. Can you both hear me? Yes. Yes. All right. Ms. Michaelis, you may proceed. Thank you. May it please the court, counsel. Good morning. My name is Quinn Michaelis. And I'm representing the appellant, Gabriel Rosas. The issue before the court is whether an obstruction of justice enhancement applies to a misrepresentation that does not relate to the offense of conviction or a closely related offense. The obstruction of justice enhancement under section 3c 1.1 applies when a defendant willfully obstructed or impeded or attempted to obstruct or impede the administration of justice with respect to the investigation, prosecution or sentencing of the instant offense. And the obstructive conduct relates to the defendant's offense of conviction and any relevant conduct or a closely related offense. The key analysis must begin with whether the obstructive conduct is related to the offense of conviction, prosecution or sentencing of the defendant. Under section 3c 1.1, it states that conduct resulting in an enhancement under 3c 1.1 ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. And that is because the obstructive conduct must relate to the criminal conduct that the defendant is charged with. The case that was cited by the sentencing court, which is the Bedolla-Zavala case, only discussed whether a particular piece of information is considered a material misrepresentation, not whether the conduct itself related to the offense of conviction or any relevant conduct. That case presupposed that the obstructive conduct was part of the offense of conviction. There, the obstructive conduct was providing a false name to pretrial services. And when one denies their identity, that becomes material to the offense of conviction, because the defendant is saying that they are not the person charged in the indictment or the complaint. In Bedolla-Zavala, this court even noted that the materiality determination necessarily includes the kind of information that's provided, noting that personal information like identifying information is highly relevant to a bond determination and is material to sentencing and arraignment. In Bedolla-Zavala, the personal information such as one's identity is clearly relevant and material to the investigation prosecution of an offense and ultimately impacts the determination of a defendant's acceptance of responsibility. Ms. McAllis, it seems that you are no longer really challenging that the statement to the magistrate judge here was material. You seem to have shifted your focus to, it didn't go directly to guilt or innocence of the underlying charge. Is that a fair characterization? I think that the materiality part of it is, it may be part and parcel to whether or not it is related to guilt or innocence or the charge conduct itself. It becomes material when it does impact whether or not the offense or the obstructive conduct is related to the charged offense. But you're not disputing that this statement was material to the magistrate judge's determination of bond. I think that the materiality issue is, I'm not challenging whether or not that information was relied on for the bond determination. I guess I am challenging the materiality of it because I'm saying that it's only material if it has the effect of impacting the whether or not it's related to the charge conduct or not. Ms. McAllis, what about the expenditure of resources that was necessary to look for these records? I think that that that part of it is not relevant to the question of whether or not the obstructive conduct is related to the charged offense or the offense of conviction that's in the indictment. I think that probably any misrepresentation would involve an expenditure of resources, but the question is whether or not the obstructive conduct is related to the conduct in the indictment or the criminal conduct. So, in this case, Mr. Rosas did not deny who he was. He did not provide any misrepresentations about his identity or his criminal history. The misrepresentation was completely unrelated to the offense for which he was charged, which is why the sentencing court gave Mr. Rosas a three-level reduction for acceptance of responsibility, specifically because the obstructive conduct was not related to his remorse or his crime itself. We cited in our brief United States versus Partee, which specifically discusses that the obstructive conduct must relate to the offense of conviction, and in that case, the court analyzed whether the defendant's refusal to testify in another case could be considered obstruction in his own case. Because the court found that the obstruction of justice enhancement did not apply. Here, Mr. Rosas was charged with being a felon in possession of a firearm and the unlawful distribution of cocaine. Mr. Rosas is- Ms. McHale, even if your construction of this is accurate, why wouldn't any error here be harmless? The court specifically noted that while she thought her guideline calculation was correct, the court went on to say that she realized here that she wasn't putting that much emphasis on it and essentially said she wasn't considering it, and then went on to give a below-guideline sentence. So even if you're right, why would any error not be harmless? I think that the guideline calculation itself acts as an anchor point which ties the upward boundaries of what the guidelines instruct as a reasonable sentence. So even if the sentencing court ultimately gave Mr. Rosas the below-guideline sentence, that below-guideline sentence was based on a number of reasons, including the additional enhancements that were not raised in this argument, which the court found were an overstatement of Mr. Rosas' role in the offense, and it also based its sentence on Mr. Rosas' extensive medical history. So the below-guideline sentence was based on factors that were unrelated to the Justice Enhancement in our view. And I'll reserve the rest of my time for rebuttal. That's fine. Mr. Storino. Good morning. May it please the court, my name is Timothy Storino, and I represent the United States in this matter on appeal. The district court did not clearly err when it applied the two-level adjustment for obstruction of justice under Guidelines Section 3C1.1. The information that the parties now agree on appeal was false, namely that the defendant did have cancer and that the defendant was actively undergoing chemotherapy treatments at the time of the bond determinations was material to the magistrate judge's decision to detain the defendant, and it also was related to the offense of conviction because it arose during the prosecution and proceedings of this offense, specifically during multiple detention hearings held before the magistrate judge. First is the materiality. The district court stated that a defendant who is undergoing chemotherapy treatments is something that the district court has considered in past cases in favor of releasing a defendant. The judge actually noted that it would be a reason why someone would lie about chemotherapy treatment in order to increase the chances of being released. In addition to that, the defendant himself offered this information to pretrial services and to the court in favor of being released, and it was of clear importance to the magistrate judge. As your honors have seen in the record below, there were multiple detention hearings on this precise issue of the defendant's medical records, and the magistrate judge continued the hearing on multiple occasions in order to obtain those medical records, and on specific instances, for example, March 1st, 2016, March 11th, 2016, the magistrate judge expressed a concern that he the defendant was receiving at that time, and of course, once we received the medical records, it became clear that those statements were untrue and that the defendant had been in remission since approximately 2013 or 2014. In addition to being material, your honors, these false statements, false information related to the offense of conviction because it occurred during the and applied disenhancement in prior cases, and I think the defendant, contrary to the defendant's suggestion, the false information, the obstructive conduct need not relate to the guilt or the innocence of the charged offense, and the case that counsel mentioned that is discussed below and in the briefs, I think proves the government's point, and that is Badala Zavala. In that case, the defendant had made false statements about his name, about his date of birth, even about the names of his parents, and of course, this information was unearthed by pretrial services prior to any court here, but the district court still applied the enhancement, and this court still affirmed, and the court used a broader term when describing its holding. It didn't say the defendant's information is a relevant factor in determining whether a defendant should remain on bond or be granted release. Of course, applied here as the district court found a defendant's medical condition qualifies as personal information, and it relates to the overall offense of conviction because had the defendant been successful in obtaining a bond under false pretenses, the defendant could have fled the jurisdiction and could have thwarted the prosecution in any way, and lastly, I would note that the magistrate judge made this connection between the false statements and a risk of non-appearance below, and specifically, I'm talking about on April 8, 2016. The magistrate judge noted that the defendant's information was untrue related to his chemotherapy treatments, and then questioned whether or not other things the defendant was saying to the court and to pretrial services was also untrue. For example, the defendant had attempted to justify border crossings to Mexico in 2015, and the magistrate judge questioned the credibility on those issues as well, and in that way, these false statements occurring during the overall offense of conviction. Unless any member of the panel has any specific questions for the government, we would ask that the court affirm the conviction and sentence. Thank you. Ms. McKayla. Thank you. Thank you. I want to note that the government cites a number of cases in their brief from other circuits which take a more expansive view or approach to what is considered the offense of conviction or offense conduct and how a misrepresentation relates to the offense of conviction. That position advocated by the government in their response brief, which would apply the enhancement basically to any misrepresentations made during the course of investigation, prosecution, or sentencing, is an approach that has been specifically rejected by this circuit. In the cases that we cited, United States v. Party and United States v. Romano, which relied on another case, United States v. Haddad, this more restrictive approach adopted in this circuit requires that the enhancement be given when the defendant acts with a specific intent to avoid responsibility for the offense for which he's being tried. That is still the law in this circuit, and that is not the situation that we have with respect to Mr. Rosas, whose misrepresentations did not involve avoiding responsibility for the offense for which he was being tried and which was what the sentencing court specifically found, that his misrepresentations did not have anything to do with the responsibility for the offense for which he pled guilty. So unless there's any other questions, I am yielding the rest of my time. All right, thank you very much. Thanks to both counsel. The case is taken under advisement.